## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-00696-SRW |
| JAMES M. DOWN, et al, | ) ) ) |
| Defendants. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Jessie Samuel Rufus Benford's application to proceed in the district court without prepaying fees or costs. Based on plaintiff's financial information, the Court will grant the motion and waive the filing fee. For the following reasons, however, plaintiff's case will be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Background

Plaintiff Benford is a frequent filer of pro se complaints with this Court. *See Benford v. Stimson*, No. 4:23-cv-263-SEP, 2023 WL 3582043, *2 (E.D. Mo. May 22, 2023) (listing the twenty-eight (28) recent *in forma pauperis* cases plaintiff has filed with the Court). Twenty-two of his twenty-eight previously filed cases were dismissed on initial review pursuant to § 1915(e)(2) for failure to state a claim, frivolousness, or both. Notably, many of the already dismissed cases involve the same facts underlying the instant complaint.

## The Complaint

On May 25, 2023, plaintiff filed the instant action against three judges from the Missouri Court of Appeals, Judge James M. Dowd, Judge Gary M. Gaertner, Jr., and Judge Robin Ransom. This case arises out of a decision the Court of Appeals made in plaintiff's underlying employment discrimination action.

Plaintiff was separated from his job with Schneider National, Inc. on or about November

2

14, 2018. The facts surrounding his departure were the subject of a case before the Missouri Division of Employment. Plaintiff was not happy with the Division of Employment's decision and appealed it to S. Stimson, a referee with the Missouri Division of Employment. Stimson held a hearing on the appeal, and ruled against plaintiff. Again, plaintiff was not satisfied with the outcome. Next, he filed an appeal before the Labor and Industrial Commission. He was not satisfied with its joint ruling. Finally, he filed an appeal before the Missouri Court of Appeals. On October 8, 2019, Judges Dowd, Gaertner, Jr., and Ransom ruled that plaintiff had quit his job on November 29, 2018. Plaintiff alleges this ruling violated his constitutional rights, and has brought the instant case against these Judges on the Missouri Court of Appeals.

For relief, plaintiff seeks $300,000 in actual damages and $5,000,000 in punitive damages.

### Discussion

Plaintiff's brings this claim under 42 U.S.C. §1983 alleging Judges James M. Dowd, Gary M. Gaertner, Jr., and Robin Ransom violated his constitutional rights when they made a ruling against him in the Missouri Court of Appeals. Because judges are immune from suit, this case will be dismissed.

A judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, therefore, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his

3

immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373.

Plaintiff's allegations against the three Judges of the Missouri Court of Appeals involve actions taken that were judicial in nature and taken within the Court's jurisdiction. Plaintiff has made no allegations otherwise. Plaintiff's claims fall squarely within the Judges' judicial immunity from liability. For this reason, plaintiff's claims against Judge Dowd, Judge Gaertner, Jr., and Judge Ranson will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. §1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

An order of dismissal will accompany this memorandum and order. Dated this 16th day of June, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE